PROB. 12B
(7/93)

# United States District Court

## for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 5 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: RAYLYNNE MATA            Case Number: CR 03-00494SOM-14

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence: 11/29/2004

Original Offense:   Use of a Telephone to Cause or Facilitate the Commission of a Conspiracy to Possess With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 843(b), a Class E felony

Original Sentence:  Three-year term of probation, with the following special conditions: (1) that the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; and (2) that the defendant provide the Probation Office access to any requested financial information.

Type of Supervision: Probation            Date Supervision Commenced: 11/29/2004

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

*General Condition*    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

*Special Condition No. 1*    That the defendant participate in a substance abuse program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the

Prob 12B
(7/93)

2

|  |  |
|---|---|
|  | possession and/or use of alcohol while participating in substance abuse treatment. |
| Special Condition No. 3 | That the defendant is prohibited from consuming or possessing any alcoholic beverage. |

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | On 10/6/2005 and 10/26/2005, the subject provided urine specimens that tested positive for methamphetamine, in violation of the General Condition and Standard Condition No. 7. |
| 2. | On 8/9/2005, the subject failed to report for drug testing, in violation of Special Condition No. 1. |
| 3. | On 10/12/2005, the subject failed to participate in a substance abuse program, in violation of Special Condition No. 1. |
| 4. | On 5/19/2005, 5/26/2005, 7/28/2005 and 8/4/2005, the subject failed to follow instructions of the Probation Officer, in violation of Standard Condition No. 3. |

On 11/29/2004, the subject commenced her term of probation. On 12/20/2004, the conditions of probation were reviewed with and provided to the subject, who acknowledged understanding all of the conditions. Among other conditions of probation, the subject was ordered to follow the instructions of the probation officer, remain drug free, and attend a substance abuse program which includes drug testing.

On 12/20/2004, the subject was referred to the federal drug aftercare program at ACCESS Capabilities, Inc. (ACCESS) in Kailua-Kona on the island of Hawaii. The federal drug aftercare program was subsequently discontinued at ACCESS and was transferred to Turning Point for Families, Inc. (TPFF), also in Kailua-Kona. On 3/5/2005, the subject was referred to TPFF for counseling and drug testing.

**Violation No. 1 - Positive Urine Specimens:** On 10/6/2005, the subject provided a urine specimen at TPFF that tested presumptively positive for methamphetamine. When questioned about the positive test result, the subject denied having used any illicit substance and stated that she was taking some off-the-counter medication, as she had not been feeling well. On 10/24/2005, this officer received notification from TPFF that the laboratory had confirmed the presence of methamphetamine in the subject's urine specimen from 10/6/2005.

Prob 12B
(7/93)

3

On 10/26/2005, the subject provided a urine specimen at TPFF that tested presumptively positive for methamphetamine. When questioned about the positive test result, the subject again denied having used any illegal substance. She continued to blame her positive tests on the off-the-counter medication that she had been taking. However, she also expressed a willingness to participate in any substance abuse treatment program that this officer deemed necessary. On 11/4/2005, this officer received notification from TPFF that the laboratory had confirmed the presence of methamphetamine in the subject's urine specimen from 10/26/2005.

On 11/4/2005, this officer confronted the subject with the overwhelming evidence that she had used methamphetamine on at least two separate occasions. Although she initially resisted admitting any wrongdoing, she eventually reported that she had used methamphetamine twice in October 2005. She prepared a written admission, in which she detailed her use of methamphetamine on 10/5/2005 and 10/25/2005. In her statement, the subject explained that she used illicit substances because of the stress that she was feeling in connection with her daughter. The subject had related in August 2005 that she was having arguments with her daughter about activities that her daughter was not allowed to participate in due to the subject's financial constraints. The subject also agreed to allow this officer to speak with Child Welfare Services to discuss the situation between the subject and her daughter.

It should also be noted that the subject informed her substance abuse counselor that she had been drinking alcohol before using methamphetamine.

**Violation No. 2 - Failure to Report for Drug Testing:** On 8/9/2005, the subject failed to report for drug testing at TPFF. When questioned about her failure to appear, the subject explained that she had called the drug testing number but had forgotten about her drug test during the course of the day. The subject was verbally reprimanded and her participation in the most stringent drug testing phase of the federal drug aftercare program was extended.

**Violation No. 3 - Failure to Participate in a Substance Abuse Program:** On 10/12/2005, the subject failed to participate in a substance abuse program when she did not report for a scheduled counseling session at TPFF. When questioned about her failure to appear, the subject stated that she forgot about the counseling session. The subject was verbally reprimanded. In addition, the substance abuse treatment program requirements were reviewed with the subject once again, including participation in all counseling sessions and all drug testing appointments.

It should also be noted that the subject admitted that she consumed alcoholic beverages while participating in the federal substance abuse treatment program. One of the program requirements is that participants refrain from consuming any alcohol. The subject claimed that she was not aware of the prohibition.

**Violation No. 4 - Failure to Follow Instructions:** On 4/25/2005, the subject's counselor at TPFF recommended that the subject be required to attend Alcoholics Anonymous/Narcotics Anonymous (AA/NA) meetings on a weekly basis. The

Prob 12B
(7/93)

4

counselor specifically recommended an all-female meeting that was held every Thursday evening at a church near the subject's residence. On 5/12/2005, this officer instructed the subject to attend the all-female AA/NA meeting every Thursday evening. The subject was also told to provide this officer with her impressions about the meeting, as this officer would allow her to choose another meeting if the all-female meeting proved uncomfortable for the subject.

On 5/27/2005, during a follow-up telephone call with this officer, the subject admitted that she had failed to attend the all-female AA/NA meeting on 5/19/2005 and 5/26/2005. She added that she forgot about the meetings and was often too tired after work to attend a meeting. The subject was verbally reprimanded. In addition, this officer imposed a curfew on the subject.

On 8/10/2005, the subject admitted that she failed to attend the required AA/NA meetings on 7/28/2005 and 8/4/2005. She stated that she has been under stress recently due to difficulties relating to disagreements with her daughter. The disagreements arise when the daughter asks for something that the subject cannot provide, usually due to financial constraints. The subject was verbally reprimanded once again and warned that further violations would result in harsher sanctions. In addition, she was instructed to create a monthly calendar for herself and her daughter, which would include planned recreational activities with her daughter. This officer also discussed activities that would not cost too much, including beach outings and field trips to historical sites.

The subject recognizes that she has a substance abuse problem that must be addressed in a more intensive treatment environment. Consequently, she has enrolled in the Intensive Outpatient Treatment Program at ACCESS, at her own expense. In addition, she continues to submit to random drug testing pursuant to the federal drug aftercare program. Moreover, she has agreed to modify her conditions of probation to accommodate the requirements for drug testing under U.S. v. Stephens, to reflect the revised wording of the special condition relating to her participation in substance abuse treatment, and to prohibit her consumption of any alcoholic beverage during the remainder of her supervision period.

Prob 12B
(7/93)

5

    Attached is a signed Waiver of Hearing to Modify Conditions of Probation. The subject waives her right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of probation. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

*/s/ Martin Romualdez*

J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*/s/ Timothy M. J.*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 1/4/2006

---

THE COURT ORDERS:

[X]    The Modification of Conditions as Noted Above
[ ]    Other

*/s/ Susan Oki Mollway*

SUSAN OKI MOLLWAY
U.S. District Judge

1/4/06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation:

[ X ]   To modify the conditions of probation as follows:

| | |
|---|---|
| General Condition | That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition). |
| Special Condition 1 | That the defendant participate in a substance abuse program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment. |
| 3 | That the defendant is prohibited from consuming or possessing any alcoholic beverage. |

Witness: *J. Martin Romualdez*
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Signed: *Raylynne Mata*
RAYLYNNE MATA
Probationer

12/23/05
Date